# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50699
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO SIMON GARCIA-LARA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1336-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Roberto Simon Garcia-Lara appeals the 80-month within-guidelines sentence he received for his guilty plea to illegal reentry. Garcia-Lara argues that his sentence is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a). He specifically contends that the guidelines sentencing range was too severe because his prior burglary conviction was used to enhance his offense level under U.S.S.G. § 2L1.2 and to increase his criminal history score,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because his motive for returning to the United States was to work, because his offense was essentially an international trespass, and because his longest prior sentence was three years. He argues that his within-guidelines sentence should not be afforded a presumption of reasonableness because the illegal reentry Guideline, § 2L1.2, lacks an empirical basis.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). A presumption of reasonableness applies to Garcia-Lara's within-guidelines sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). As Garcia-Lara correctly concedes, the argument that a presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). We have also rejected the arguments that illegal reentry is merely an international trespass offense that is treated too harshly under § 2L1.2, *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006), and that a sentence imposed pursuant to § 2L1.2 is greater than necessary to meet § 3553(a)'s goals as a result of any double counting inherent in that Guideline, *see Duarte*, 569 F.3d at 529-31.

Garcia-Lara's contentions regarding his mitigating factors and benign motive do not rebut the presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *see also United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Accordingly, the judgment of the district court is AFFIRMED.